UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:                                          )
                                                )
    LEONARD JASON SMALL              )     Case No. 22-00001-ELG
                                                )     Chapter 7
        Debtor.                    )
_____)

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL**
**TURNOVER OF PROPERTY BY THE DEBTOR**
**AND**
**NOTICE OF OPPORTUNITY TO OBJECT TO MOTION**

TO THE HONORABLE ELIZABETH L. GUNN, BANKRUPTCY JUDGE:

      COMES NOW Wendell W. Webster, Chapter 7 Trustee ("Trustee") for the estate of Leonard Jason Small ("Debtor") and pursuant to 11 U.S.C. ("Bankruptcy Code") §§ 521(a)(4), 541(a) and 542 hereby respectfully moves the Court to order the Debtor to account for and turn over to the Trustee all non-exempt property of the estate including any bank account, monies or other property traceable to the Wells Fargo Securities Inheritance Account, any other inheritance account, which the Debtor was entitled to acquire within 180 days of the petition filing date, the D.C. Government retirement account and any other retirement account which the Debtor owned at the time of the filing of this case. As grounds for this motion, Trustee states the following:

      1.    Debtor commenced this case with the filing of a *pro se* petition for relief under Chapter 7 of the Bankruptcy Code on January 4, 2022.  Doc No. 1

Wendell W. Webster, Trustee
DC Bar No. 245696
Webster & Fredrickson, PLLC
1101 Connecticut Avenue, NW Suite 402
Washington, DC 20036
(202) 659-8510
wwebster@websterfredrickson.com

1

2.      The schedules of assets and liabilities, statement of financial affairs and related financial information were filed by the Debtor in his capacity as a *pro se* chapter 7 debtor. Id. Debtor claimed state and federal non-bankruptcy exemptions [11 U.S.C. §522 (b)(3)] in Part 1 of Schedule C; however, the District of Columbia Code provisions or specific laws providing for the exemption of assets were not specified and the legal authority cited for each exemption was 11 U.S.C. §522(b)(2).   See Schedule C Exemptions at Exhibit 1 attached hereto. Consequently, no property exemptions were properly claimed by the Debtor at the time of the filing of this case.

3.      Debtor retained counsel to represent him in this chapter 7 case on 2/28/22 and a Disclosure of Compensation of Attorney for Debtor was filed on 3/10/22.  Doc 22 The Scope of Services specified in the engagement letter provided that counsel was retained to amend the schedules to reflect the exemptions allowed under District of Columbia law and to file the motion or adversary proceeding necessary to avoid a judgment lien on the Debtor's principal residence. Id.

4.      The record reflects that counsel to the Debtor has represented the Debtor in accordance with the engagement services agreed upon in this case. A Motion to Avoid Judgment Lien of BT Investment LLC was filed on 4/30/22 and the motion was granted by this Court on June 15, 2022. Doc 27 & Doc 35   Debtor's exemptions were amended on November 7, 2022 to specify the provisions of the District of Columbia Code relied upon to exempt specified assets. However, all assets were not fully exempted and consequently certain non-exempted assets are subject to administration.

5.      The amended exemptions specify the assets exempted from administration under §15-501(a)(3), the "wild card" exemption. This provision allows for the exemption of a debtor's aggregate interest in any property, not to exceed, $850 in value, plus up to $8,075 of any unused

amount of the "homestead" exemption allowed under D.C. Code §15-501(14). The record in this case is unclear as to the total amount of any homestead exemption available to the Debtor; nonetheless, the total value of property subject to exemption under the "wild card" provision is $8,925 (i.e. $850 + $8,075). However, Debtor has claimed "wild card" exemptions for the 100% fair market value of assets totaling $21,228. See Amended Schedule C Exemptions at Exhibit 2 attached.[1] Subject to final calculation of the fair market value of Debtor's assets, this leaves a balance of non-exempt assets in excess of approximately $12,000 (i.e. $21,228 - $8,925 = $12,303). Accordingly, Debtor lacks the statutory basis for exemption of the $11,300 inheritance account.

6. Debtor claimed an exemption for retirement funds in the amount of $24,800 pursuant to D.C. Code §15-501(9). See Amended Schedule C Exemptions at Exhibit 2 attached hereto. This provision provides for the exemption of money or assets payable to a participant or beneficiary from a retirement plan qualified under the Internal Revenue Code. Accordingly, Debtor would be entitled to exempt the full amount of these funds in the claimed amount of $24,800, to the extent that it is documented that the funds are payable from a qualified retirement plan.

7. Debtor has been requested to clarify the exemptions claimed under the "wild card" exemptions provision of the District of Columbia Code and to provide any additional grounds for the exclusion of any assets from the administration of the case. In addition, Debtor has been requested to provide documentation demonstrating that funds have in fact been maintained in a qualified retirement account. Despite numerous requests, no further clarification

---

[1] The current value listed on Schedule C for the Chrysler Pacifica is $28,000. However, the amount of the claim (lien amount) listed in the schedules was $19,982. Consequently, the exemption amount is calculated as $28,000 - $19,982 = $8,018. Accordingly, the total value for the assets exempted under §15-501(a)(3) is $21,228.

or documentation has been provided with respect to the exemption or exclusion of these assets from the administration of this case. Consequently, the amended exemptions do not provide a basis for exemption of the Debtor's scheduled $11,300 inheritance account and the Debtor has not provided sufficient documentation to demonstrate the exemption of the $24,800 retirement account. Accordingly, these assets are subject to administration in this case.

## NOTICE OF OPPORTUNITY TO OBJECT TO CHAPTER 7 TRUSTEE'S MOTION TO COMPEL TURNOVER OF PROPERTY BY THE DEBTOR

Wendell W. Webster, Chapter 7 Trustee for the estate of Leonard Jason Small, has filed a Motion to Compel Turnover of Property by the Debtor.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. If you do not want the Court to approve the motion, or if you want the Court to consider your views on the matter, then:

on or before **January 23, 2024** (21 days), you or your attorney must file with the Court a written objection to the motion, together with the proposed order required by Local Bankruptcy Rule 9072-1. The objection and proposed order must be filed with the Clerk of the Bankruptcy Court, E. Barrett Prettyman U.S. Courthouse, 3rd and Constitution Avenue, N.W., Washington, D.C. 20001. You may append affidavits and documents in support of your objection.

If you mail your objection to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You must also mail a copy of your objection to:

Wendell W. Webster, Trustee
Webster & Fredrickson, PLLC
1101 Connecticut Avenue, N.W., Suite 402
Washington, D.C. 20036

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order approving the motion. The Court may approve the motion without a hearing if the objection filed states inadequate grounds for denial of the motion. Parties in interest with questions may contact the undersigned.

WHEREFORE, Wendell W. Webster, Chapter 7 Trustee requests that the Court enter an order directing the Debtor to account for and turnover all non-exempt property of the estate as specified herein and granting such further relief as the Court may deem appropriate.

Date: January 2, 2024                                        Respectfully submitted,


                                          */s/ Wendell W. Webster*
                                        Wendell W. Webster, Trustee
                                        DC Bar 245696
                                        Webster & Fredrickson, PLLC
                                        1101 Connecticut Avenue, NW
                                        Suite 402
                                        Washington, DC 20036
                                        (202)659-8510
                                        wwebster@websterfredrickson.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of January, 2024, a true and correct copy of the Chapter 7 Trustee's Motion to Compel Turnover of Property by the Debtor, Exhibits 1 & 2, Proposed Order and Notice of Opportunity to Object were served via the Court's Case Management/Electronic Case Filing (CM/ECF) system to those parties and entities receiving notice electronically and by first class mail, postage prepaid, upon the following:

U.S. Trustee for Region Four
1725 Duke Street
Suite 650
Alexandria, VA 22314-3489

Leonard Jason Small
724 Underwood Street, NW
Washington, DC 20012-2640

Maurice Belmont VerStandig, Esq.
The VerStandig Law Firm, LLC
1452 W. Horizon Ridge Pkwy, #665
Henderson, NV 89012-4422

Ally Bank Department
AIS Portfolio Services, LP
Account: xxx 7197
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Capital One Auto Finance
AIS Portfolio Services, LP
Account: xxx 8524
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Leah Freedman, Esq.
BWW Law Group, LLC
6003 Executive Blvd, Suite 101
Rockville, MD 20852

            */s/ Wendell W. Webster*
            Wendell W. Webster, Trustee