Maurice B. VerStandig, Esq.
Bar No. MD18071
The Belmont Firm
1050 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
Phone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for Leonard Jason Small*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re: | ) | Case No. 22-1-ELG |
| | ) | (Chapter 7) |
| LEONARD JASON SMALL | ) | |
| | ) | |
| Debtor. | ) | |

**OPPOSITION TO MOTION FOR RELIEF
FROM AUTOMATIC STAY AND TO RECLAIM PROPERTY
<u>2018 CHRYSLER PACIFICA WAGON 4D TOURING L PLUS 3.6L V6</u>**

Comes now Leonard Jason Small ("Mr. Small" or the "Debtor"), by and through undersigned counsel, in opposition to the motion for relief (the "Motion," as found at DE #66) filed by Ally Bank ("Ally") states as follows:

### I.    Introduction

Ally alleges an absence of adequate protection, Motion, DE #66, at ¶ 8, and suggests such to be cause to lift the automatic stay set forth in Section 362 of Title 11 of the United States Code. The underlying asset (the "Car"), however, is scheduled as being worth $28,000.00 which, juxtaposed to the $14,083.57 Ally purports to be owed, furnishes adequate protection. For this reason, the Motion merits denial.

### II.    Standard

The Motion is premised upon Section 362(d)(1) of Title 11 of the United States Code, which permits, *inter alia*:

1

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest. . .

11 U.S.C. § 362(d).

### III. Argument: Ally is Adequately Protected

It appears Ally is adequately protected and, as such, that there does not exist cause to grant the Motion. The movant does not suggest a value for the Car and, equally, does not allege the Debtor's valuation of the vehicle to be errant or otherwise amiss. This creates a paradigm whereby the question is simply whether the balance allegedly due and owing exceeds the fair market value of the vehicle; a review of the Debtor's schedules indicates such is answered in the affirmative.

As observed by a neighboring court, "While 'adequate protection' is not defined by the Bankruptcy Code, whether a particular secured creditor is adequately protected is a determination to be made on a case-by-case basis and is within the discretion of the Court." *In re Franklin Equip. Co.*, 416 B.R. 483, 522–23 (Bankr. E.D. Va. 2009) (citing *In re Swedeland Dev. Group, Inc.*, 16 F.3d 552, 564 (3d Cir. 1994) (citing *In re O'Connor*, 808 F.2d 1393, 1397 (10th Cir. 1987))).

This Honorable Court, as far back as the era of Judge Bason, has found a "substantial value cushion" above that of a moving trust holder, among other factors, to militate in favor of denying relief under Section 362(d)(1) of the Bankruptcy Code. *In re Wright*, 51 B.R. 669, 671 (Bankr. D.D.C. 1985). Indeed, "Case law under the Bankruptcy Code has held that adequate protection under section 361 can be provided by an equity cushion." *In re 5-Leaf Clover Corp.*, 6 B.R. 463, 466 (Bankr. S.D.W. Va. 1980) (citing *In re Rogers Development Corp.*, 2 B.R. 679 (Bankr. E.D. Va. 1980); *In re Pitts*, 2 B.R. 476 (Bankr. C.D. Cal. 1979); *In re Blazon Flexible Flyer, Inc.*, 407 F.Supp. 861 (N.D. Ohio 1976)).

Here, it appears an equity cushion exists. And there accordingly exists adequate protection for the lender's claim against the Debtor. The Motion should be thusly denied as to relief under Section 362(d)(1) of the Bankruptcy Code.

### IV.     Conclusion

WHEREFORE, the Debtor respectfully prays this Honorable Court (i) set an evidentiary hearing upon the Motion; (ii) deny the Motion following the evidentiary hearing; and (iii) afford such other and further relief as may be just and proper.

Dated:  March 11, 2024                                      THE BELMONT FIRM,

*/s/ Maurice B. VerStandig*
Maurice B. VerStandig, Esq.
Bar No. MD18071
1050 Connecticut Avenue, Suite 500
Washington, DC 20036
Telephone: (202) 991-1101
mac@dcbankruptcy.com
*Counsel for the Debtor*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of March, 2024, a copy of the foregoing was served electronically upon filing via the ECF system, with copies to:

Wendell W. Webster, Esq.
1101 Connecticut Avenue, NW
Suite 402
Washington, DC 20036
*Chapter 7 Trustee*

Michael J. Klima, Jr., Esq.
8028 Ritchie Highway, Ste. 300
Pasadena, MD 21122
JKlima@KPDLawgroup.com
*Counsel for the Movant*

/s/ Maurice B. VerStandig
Maurice B. VerStandig

3